# In the United States District Court
## for the District of Utah, Central Division

| | |
|---|---|
| TROY MILLER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAIA MOTOR FREIGHT LINE, INC.,<br><br>　　　　Defendant. | **ORDER**<br><br>Case No. 1:05cv00052 |

　　　　This matter is before the Court on defendant's Motion for Summary Judgment pursuant to Rule 56(c). Fed. R. Civ. P. Plaintiff is represented by Gregory W. Stevens, and defendant is represented by Ruth Shapiro and Phillip Ferguson of the law firm Christensen & Jensen. Defendant's motion was fully briefed and oral argument was heard on August 2, 2006. The motion was submitted for decision after which the Court took the matter under advisement.

FACTUAL BACKGROUND

　　　　Plaintiff, Troy Miller, had been employed with defendant corporation, SAIA Freight Line, as a truck driver for roughly 12 years, prior to his termination on July 13, 2004. Defendant claims that plaintiff was terminated because of accidents in which he was involved.

　　　　From 1997 until his termination, plaintiff was involved in five accidents, three of which were ruled to be preventable. Two of these accidents occurred in the month immediately prior to his termination. The first of these two, the June 14th accident, was ruled as non-preventable by the corporation. The second, the June 28th accident, was ruled to be preventable

and involved property damage in excess of $18,000.

On June 5, 2004, plaintiff was assigned a run from Salt Lake City to Boise and back. Plaintiff states that he was asked by central dispatch to alter this route so as to pass through Twin Falls, pick up some trailers, and continue on to Boise and then back to Salt Lake City. Plaintiff claims that he refused this run because it would require driving hours in excess of the 11 hours of driving time allowed by the Hours of Service ("HOS") regulations, as promulgated by the Department of Transportation ("DOT"). On June 24, 2004, plaintiff refused to accept another trucking run, from Salt Lake City to Grand Junction and back, because it would exceed the 14 hours of on-duty time allowed by the HOS regulations. Plaintiff alleges he notified his supervisor, Kevin Mayfield ("Mayfield"), following both refusals stating that he believed that the runs were illegal under the regulations. Plaintiff also alleges that he notified the corporate dispatch office in Georgia of his refusals.

Following these events, the Director of Safety, Phil Jennings ("Jennings"), and the Vice President of Human Resources, Reuben Gegenheimer ("Gegenheimer"), both of whom were located in Georgia, arranged a conference call to discuss possible termination of the plaintiff. Plaintiff's supervisor, Kevin Mayfield participated in this conference call. The aforesaid Georgia-based corporate officers denied having knowledge of plaintiff's claim that he had refused two runs because of illegality under the regulations, and that this was the real reason for his termination.

STANDARD FOR SUMMARY JUDGMENT

Summary Judgment is appropriate where the evidence presented "show[s] that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether the evidence weighs heavily enough in favor of one party that summary disposition is merited, "the court views the record and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Jeffries v. Kansas*, 147 F.3d 1220, 1228 (10th Cir. 1998).  A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Richmond v. ONEOK, Inc.*, 120 F. 3d 205, 208 (10th Cir. 1997).

## DISPUTED FACTS

There are several genuine issues of material fact in dispute in this case.  These disputed facts focus primarily on plaintiff's claim that he was terminated because of his "whistle blowing" actions in which he refused truck runs because they were illegal.  Whether defendant knew of plaintiff's alleged refusals of these runs is disputed, as is whether plaintiff's termination was in retaliation for his actions in claiming illegality, or motivated at least in part because of such action.  The areas of dispute include, but are not limited to the following:

One area of disputed material fact is the legality of the SLC-TF-BOI-SLC run. Defendant claims that the run is legal because it can be accomplished within the 11 hours prescribed by the HOS regulations.  In support of this claim, defendant cites the affidavits of two line drivers who claim to have completed this run within the prescribed hours of service. Defendant also relies upon corporate calculations which support the total driving time for the Salt Lake-Boise run, even with the stop and pick up in Twin Falls, as being less than 11 hours.[1]

---

[1] This corporate calculation was never presented in evidence or as an exhibit to the Court.

Plaintiff disputes this claim and asserts that it is virtually impossible to complete this run within 11 hours.  In this regard, plaintiff cites his own driving experience in driving from Salt Lake to Boise and back, as well as his own calculations regarding mileage, relevant speed limits, and delays, in support of his position that to add Twin Falls as a part of the Salt Lake-Boise run would exceed 11 hours driving time.

Another area of disputed fact is whether a reasonable jury could reject defendant's claim that the two people ultimately responsible for the decision to terminate the plaintiff, Jennings and Gegenheimer, had no knowledge of plaintiff's alleged refusals to accept the trucking runs because of his claim of illegality.  Plaintiff argues that there are two bases on which a reasonable jury could find that the defendant corporation had knowledge of this defense.  First, that his direct supervisor, Mayfield, who knew of the reason for his refusals, likely gave his input and related his knowledge to his superior officers in the conference call in which the termination decision was made.  Second, that Mayfield played an important part in firing plaintiff because he ultimately signed the termination letter.  Plaintiff argues that these facts are sufficient to establish that a reasonable jury could conclude that Mayfield was acting as an agent of the corporation in accordance with the conference call in which termination of the plaintiff was decided.  Then, with full knowledge of plaintiff's claim of illegality, Mayfield signed and delivered the termination notice to plaintiff.  Moreover, plaintiff argues that because Mayfield participated in the crucial conference call with Jennings and Gegenheimer shortly before plaintiff's termination, the jury could infer that Mayfield informed Jennings and Gegenheimer of plaintiff's refusals because of the alleged violation of HOS regulations.

Another important area of disputed fact is whether – regardless of implied or actual knowledge of plaintiff's actions – the decision to discharge plaintiff was based on an observed pattern of "aggressive" driving by plaintiff.  Plaintiff argues that several facts suggest that this "legitimate business reason" is pretextual.  Specifically, plaintiff cites a safe driving certificate awarded to him by the corporation the day before his termination.  In addition, plaintiff cites statements in the deposition of the Director of Safety that suggest that none of plaintiff's accidents were indicative of aggressive driving.

Upon review of the record before the Court, it is apparent that genuine issues of material fact are in dispute, which prevents the Court from entering judgment as a matter of law in favor of defendant.  Accordingly, it is hereby

ORDERED, that defendant's Motion for Summary Judgment is DENIED, it is

FURTHER ORDERED, that a status and scheduling conference be held on <u>September 13, 2006 at 10:00 a.m.</u>

DATED this <u>28th</u> day of <u>August</u>, 2006.

_____
J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE